

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 13-37783** |
| **RACHEL LEE,** | § | **CHAPTER 7** |
| | § | |
| Debtor. | § | **DAVID R. JONES** |

**MEMORANDUM OPINION**
(Docket Nos. 33 and 35)

Before the Court for consideration are the chapter 7 trustee's Final Report Before Distribution [Docket No. 33] and Final Application for Trustee Compensation and Expenses [Docket No. 35]. The United States Trustee (the "UST") objects to the chapter 7 trustee's proposed compensation. Specifically, the UST asserts that the chapter 7 trustee cannot seek payment from the estate for the actual cost of a paraprofessional used by the trustee during her administration of the case while simultaneously seeking the maximum compensation for her trustee services under 11 U.S.C. § 326. The chapter 7 trustee counters that the UST's objection should be overruled because (i) the UST is violating 28 U.S.C. § 586 within Region 7; (ii) the UST is estopped from challenging the trustee's compensation; and (iii) the requested compensation is permitted under 11 U.S.C. § 330.

On January 16, 2014, the Court conducted an evidentiary hearing on the dispute. Both the UST and the chapter 7 trustee offered testimony and documentary evidence in support of their respective positions. After considering the evidence and arguments, and for the reasons set forth below, the Court finds that the chapter 7 trustee's requested relief should be granted in part. A separate order consistent with this opinion will issue.

**Factual Background**

Rachel Lee filed a voluntary chapter 7 case on December 19, 2013 [Docket No. 1]. Janet Northrup was appointed by the UST as the chapter 7 trustee in the case. On January 16, 2014, the debtor appeared for her meeting of creditors under 11 U.S.C. § 341. After the meeting, the chapter 7 trustee issued a Notice of Assets on January 29, 2014 [Docket No. 24]. The debtor received her discharge on March 18, 2014 [Docket No. 29].

During the course of her administration of the case, the chapter 7 trustee realized $7,547.00 for distribution to creditors [Docket No. 33]. General unsecured creditors filing timely proofs of claim will receive a distribution in excess of 90% of their claims. In connection with her statutory duties under 11 U.S.C. § 704, the chapter 7 trustee prepared and submitted her proposed Trustee's Final Report before Distribution ("TFR") to the UST on July 3, 2014 for review in accordance with the Amended Memorandum of Understanding Between The Executive Office For United States Trustees and The Administrative Office of the United States Courts Regarding Case Closing and Post Confirmation Chapter 11 Monitoring dated April 1,

1999.   The UST objected to the chapter 7 trustee's proposed compensation and requested that the chapter 7 trustee resubmit her report.  The chapter 7 trustee and the UST were unable to reach an agreement on the trustee's request for reimbursement for paraprofessional services.

On November 25, 2014, the chapter 7 trustee filed the TFR [Docket No. 33] as well as her Final Application for Trustee Compensation and Expenses (the "Fee Application") [Docket No. 35] with the Court.  In the TFR and the Fee Application, the chapter 7 trustee requested an award of compensation in the maximum allowable amount under 11 U.S.C. § 326(a) of $1,504.70[1] and reimbursement of expenses in the amount of $559.12 [Docket No. 33].  Included in the chapter 7 trustee's expense request are charges totaling $501.62 in actual paraprofessional costs as follows:

| Date | Description | Hours @ Rate | Total |
|---|---|---|---|
| 01/23/2014 | Paralegal: Exchange emails with debtor's attorney regarding funds. | 0.60 @ $43.62[2] | $26.17 |
| 01/29/2014 | Paralegal: Exchange emails with debtor's attorney. | 0.60 @ $43.62 | $26.17 |
| 03/07/2014 | Paralegal: Review email from debtor's attorney. | 0.20 @ $43.62 | $8.72 |
| 07/03/2014 | Paralegal: Read and respond to email from debtor's attorney. | 0.40 @ $43.62 | $17.45 |
| 07/03/2014 | Paralegal: Review 2013 tax return. Prepare notice to IRS for interception of 2013 tax refund. Read and respond to emails from debtor's attorney. | 1.20 @ $43.62 | $52.34 |
| 07/03/2014 | Paralegal: Estimated time to prepare and distribute funds to creditors. | 0.30 @ $43.62 | $13.09 |
| 07/03/2014 | Paralegal: Estimated time to prepare trustee's report of distribution: prepare fedex package, prepare letter to UST, review bank statements, and generate report. | 3.00 @ $43.62 | $130.86 |
| 07/03/2014 | Paralegal: Prepare trustee's final report: review claims, schedules, and docket; review file and documents; prepare email to UST; prepare notice of submission; review bank statements; e-file notice of submission of final report. | 5.00 @ $43.62 | $218.10 |
| 07/25/2014 | Paralegal: Prepare unclaimed funds form. | 0.20 @ $43.62 | $8.72 |

[Docket Nos. 33 and 35].

---

[1]  The maximum trustee compensation under 11 U.S.C. § 326 is calculated as follows based on total disbursements of $7,547.00:  25% of $5,000 = $1,250.00 plus 10% of $2,547.00 = $254.70 for a total of $1,504.70.

[2]   The parties agree that the hourly rate of $43.62 equals the actual hourly cost of the paraprofessional to the trustee and that the trustee is not seeking to make a profit.

On December 1, 2014, the UST filed an objection to the TFR and the Fee Application asserting that the chapter 7 trustee is not entitled to "compensation above the statutory cap allowed under 11 U.S.C. § 326(a) for routine trustee duties performed by a paraprofessional" [Docket No. 38].

The chapter 7 trustee responded on December 5, 2014 asserting that (i) the UST is applying its regulations and guidelines within Region 7 in a non-uniform manner in violation of 28 U.S.C. § 586(a)(3)(A)(i); (ii) the UST is estopped from challenging the chapter 7 trustee's requested compensation based on the decision rendered in *In re Abraham*, 163 B.R. 772 (Bankr. W.D. Tex. 1994); and (iii) the request for payment of actual paraprofessional costs is permitted under the Bankruptcy Code [Docket No. 40].

The UST filed its brief in support of the objection on January 15, 2015 [Docket No. 44]. In addition, the chapter 7 trustee and the UST filed their Joint Stipulation of Facts Regarding (i) Trustee's Final Report Before Distribution and (ii) Trustee's Application for Compensation and Expenses on January 15, 2015 [Docket No. 43].

The Court conducted an evidentiary hearing on January 16, 2015. The Court heard testimony from four witnesses and received a total of 27 exhibits into evidence. Based on the evidence received and applicable law, the Court makes the following findings of fact and conclusions of law.

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This contested matter is a core proceeding arising under title 11 pursuant to 28 U.S.C. § 157(b)(2)(A). The Court has constitutional authority to enter a final order in this contested matter under the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011). To the extent applicable, the parties have consented to the entry of a final order by the Court.

### The UST's Obligations Under 28 U.S.C. § 586

The chapter 7 trustee first argues that the UST is violating its duty under 28 U.S.C. § 586 by applying its regulations and guidelines governing applications for compensation in a non-uniform manner across Region 7. Section 586 provides, in relevant part, that

> [e]ach United States trustee, within the region for which such United States trustee is appointed, shall . . . supervise the administration of cases and trustees in cases under chapter 7, 11, 12 and 13, or 15 of title 11 by, whenever the United States trustee considers it to be appropriate—reviewing, in accordance with procedural guidelines adopted by the Executive Office of the United States Trustee (which guidelines shall be applied uniformly by the United States trustee except when circumstances warrant different treatment), applications for compensation and reimbursement under section 330 of title 11….

11 U.S.C. § 586(a)(3)(A)(i).

The bankruptcy court for the Southern District of Texas lies within Region 7 as does the bankruptcy court for the Western District of Texas.  Ms. Northrup has served as a chapter 7 trustee in both districts over the past 30 years.  Ms. Northrup testified that prior to 2005, trustees in both districts were entitled to reimbursement for the actual costs of paraprofessionals employed by a trustee.  The UST does not dispute this testimony.  Instead, the UST asserts that the applicable law and its policy changed with the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  The UST further asserts that extenuating circumstances exist in the Western District of Texas that dictate disparate treatment of trustees in the Western and Southern Districts.  Specifically, the UST asserts that the bankruptcy court's decision in *In re Abraham*, 163 B.R. 772 (Bankr. W.D. Tex 1994) mandates that chapter 7 trustees are entitled to recover the actual costs of paraprofessionals in addition to the maximum fee allowed under 11 U.S.C. § 326 in the Western District of Texas.

In *Abraham*, the chapter 7 trustee filed an application to hire two paraprofessionals from the trustee's law firm to assist him in administering the case.  *In re Abraham*, 163 B.R. 772, 774 (Bankr. W.D. Tex 1994).  The application was filed in anticipation of a future objection by the UST to a request for reimbursement of the costs of the paraprofessionals' services.  *Id*.  The UST objected, asserting that 11 U.S.C. § 326(a) was the sole source of trustee compensation and that the trustee could not exceed the statutory cap by delegating his duties to paraprofessionals.  *Id*. at 774-75.  The bankruptcy court denied the application to employ but found that the trustee could hire paraprofessionals to assist him in performing his statutory duties and recover the actual cost of the paraprofessionals from the estate.  *Id*. at 793.  The *Abraham* court did not address which paraprofessional services were compensable and which were not.

The Court notes that the *Abraham* decision was issued out of the El Paso division in the Western District of Texas and was not appealed.  While instructive and perhaps indicative of one judge's view of the applicable legal issues, the *Abraham* decision is not binding precedent that would require an abrogation of UST policy either in the Western District of Texas or elsewhere.  Indeed, if this were the case, the UST would have certainly filed a notice before this Court noting that Judge Paul had recently followed the *Abraham* decision in *In re Duc Cong Vuong*, Case No. 10-80206-G3-7, Docket No. 137 (S.D. Tex. February 4, 2015) and immediately changed its policy in the Southern District of Texas to match that in the Western District of Texas in order to bring conformity to Region 7 as the "extenuating circumstances" are now the same.  Moreover, BAPCPA was enacted after the *Abraham* decision.  If BAPCPA truly constituted a change in the law as the UST suggests, it impliedly, if not explicitly, overruled *Abraham*.  While the Court readily acknowledges that BAPCPA's effects were extensive, BAPCPA did not overrule *Abraham* nor did it affect the issue presented in this case.

The Court finds the UST's arguments contrived.  More illuminating to the Court is Ms. Ratchford's[3] testimony regarding the UST's intentions with respect to challenging the effect of the *Abraham* decision on its current policy.  In discussing whether changes to the UST's policy were appropriate, Ms. Ratchford testified that "[w]e would have to pick an appropriate court, an

---

[3]   Nancy Ratchford is an Assistant United States Trustee in the Western District of Texas, San Antonio division.  Ms. Ratchford testified on behalf of the UST.  Ms. Ratchford testified that she was involved in the *Abraham* case.

appropriate case, and an appropriate judge, and there was nothing that prohibited the United
States Trustee from doing so."

The UST is not, and should not behave as, a litigant attempting to win at all costs.  The
UST's mission statement is "to promote the integrity and efficiency of the bankruptcy system for
the benefit of all stakeholders – debtors, creditors, and the public."  UNITED STATES TRUSTEE
PROGRAM STRATEGIC PLAN FY 2012-2016, www.justice.gov/ust.  Three of the UST's five stated
core values are as follows:

> *Fairness*.  We will be impartial and honest in faithfully performing our statutory
> duties and responsibilities.

> *Integrity*.  We will be professional and adhere to the highest ethical standards.

> *Respect*.  We will treat others with dignity.

*Id*.   The testimony in this case indicates that the principles supporting these stated core values
have been sacrificed for less noble causes.  Indeed, the Court finds Ms. Ratchford's answers to
the Court's questions generally nonresponsive.  The Court finds that the UST is not applying its
guidelines and policies in a uniform fashion as required by 11 U.S.C. § 586(a)(3)(A)(i) and that
no circumstances exist that would justify disparate treatment.  The UST should comply with its
statutory directives.

The foregoing findings, however, do not resolve the instant dispute.  The parties do not
cite, and the Court cannot locate, any private remedy for the UST's failure to comply with 11
U.S.C. § 586.  Moreover, if the Court based its decision on the UST's noncompliance, the parties
would be left with a decision based on a technicality—something the Court is loathe to do on an
issue of this importance.

## Collateral Estoppel

The chapter 7 trustee next asserts that the UST is collaterally estopped from challenging
her request for payment of actual paraprofessional costs based on the decision rendered in *In re
Abraham*, 163 B.R. 772 (Bankr. W.D. Tex. 1994).  Citing *Wehling v. Columbia Broadcasting
Systems*, the chapter 7 trustee posits that collateral estoppel applies when:

(i)     The issue at stake in the current case is identical to the one in the prior litigation;

(ii)    the issue was actually litigated in the prior case; and

(iii)   determination of the issue in the prior case was a critical and necessary part of the
judgment in the prior case.

721 F.2d 506, 508 (5th Cir. 2009).  The Court agrees that the foregoing sets forth the applicable
federal common law standard that should be applied in this case.  It has long been held in this
circuit that "collateral estoppel precludes the re-litigation of an adversely decided issue by a

party who previously had a full and fair opportunity to litigate the issue, regardless of whether his present adversary was a party to the previous lawsuit." *Willis v. Fournier,* 418 F. Supp. 265, 266 (M.D. Ga.), *aff'd,* 537 F.2d 1142 (5th Cir. 1976).   Identity of parties is not required. *Wehling,* 721 F.2d at 508.

In *Abraham,* the bankruptcy court was presented with an application to employ paraprofessionals filed by the chapter 7 trustee.  163 B.R. at 773.   The motivation behind the trustee's application to employ was the anticipated future objection by the UST to payment of the costs of the paraprofessionals from property of the estate.  163 B.R. at 774.  The UST raised the statutory cap imposed by 11 U.S.C. § 326(a) as a defense to the trustee's employment application.  163 B.R. at 774-75.  The bankruptcy court made its ruling knowing that multiple other cases with the same issue were pending. 163 B.R. at 773, fn. 1.

The UST asserts that collateral estoppel cannot be asserted against the government under the Supreme Court's decision in *United States v. Mendoza,* 464 U.S. 154 (1984).  The chapter 7 trustee  asserts that no absolute prohibition against the application of collateral estoppel exists citing *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984).  The chapter 7 trustee advocates that application of the doctrine is especially appropriate in this case because the UST first raised the issue of compensation in *Abraham*.  The Court need not resolve this important question in the context of this case.   While the Court understands the circumstances and efficiencies that motivated the *Abraham* court to reach the issue of trustee compensation, the determination of the trustee's compensation was not critical to the resolution of the employment application pending before the bankruptcy court.  The Court therefore finds that collateral estoppel is not applicable in this case.

## Trustee Compensation

A court's authority to award compensation in a bankruptcy case is derived from 11 U.S.C. § 330.  Section 330 provides in relevant part that

> [a]fter notice . . . and subject to sections 326, 328 and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 -
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee . . . and by any paraprofessional person employed by such person; and
> >
> > (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).   Section 330 further provides that "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7).  Section 326 provides that

> [i]n a case under chapter 7 or 11, the court may allow reasonable compensation
> under section 330 of this title of the trustee for the trustee's services, payable after
> the trustee renders such services, not to exceed 25 percent on the first $5,000 or
> less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5
> percent on any amount in excess of $50,000 but not in excess of $1,000,000, and
> reasonable compensation not to exceed 3 percent of such moneys in excess of
> $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to
> parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

The UST asserts that § 326(a) serves to limit the compensation payable to the chapter 7 trustee for her services as well as any paraprofessional that assisted the trustee in her administration of the case. The chapter 7 trustee counters that the plain reading of the statutory cap under § 326(a) is limited solely to compensation "of the trustee for the trustee's services." To resolve the dispute, the Court must interpret both § 326(a) and § 330 to determine which of the identified potential recipients of compensation is subject to which of the listed limitations of §§ 326, 328 and 329.

When asked to interpret a statute, the Court is bound to begin its analysis with the express language of the statutory provisions themselves. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989). The *Abraham* court found the interplay between §§ 326(a) and 330 to be ambiguous. The Court's reading of two statutes finds no such ambiguity or confusion. Section 330 is subject to § 326, but only to the express limitations set forth in § 326. *See Cavazos v. Simmons*, 90 B.R. 234 (N.D. Tex. 1988). The compensation cap set forth in § 326(a) is expressly limited to compensation awarded "of the trustee for the trustee's services." No mention exists in § 326(a) of any services provided by paraprofessionals employed by the trustee. The Court finds no ambiguity in the statutory language of either § 326(a) or § 330. To the extent that any ambiguity does exist, the Court finds that because Congress explicitly authorized compensation for paraprofessional services in § 330 but omitted any reference to paraprofessionals in the statutory cap set forth in § 326(a), the omission was intentional.

Under normal circumstances, the Court's inquiry would end with the examination of the words of an unambiguous statute. *See Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). As this decision, however, has potential impact beyond this single case, the Court has further reviewed the legislative history in order to ensure that it has not missed any legislative instruction contrary to the statute's plain language. As the *Cavazos* court concluded, the Court finds that legislative history of § 326(a) supports the conclusion that the statute was intended only to set the maximum compensation of a trustee for serving in that fiduciary capacity. *Cavazos v. Simmons*, 90 B.R. 234, 239 (N.D. Tex. 1988). Likewise, the legislative history of § 330 indicates only that paraprofessionals play a vital role in the American legal system and their services should be compensable. *Id*. at 239-40.

The Court has carefully reviewed the Ninth Circuit's decision in *In re Jenkins*, 130 F.3d 1335 (9th Cir. 1997). In *Jenkins*, the court held that § 326(a) establishes a limit on both the trustee's compensation as well as any paraprofessional's services employed by the trustee unless

the paraprofessional was separately employed under 11 U.S.C. § 327 and the provided services exceeded that which a "ordinary trustee" could provide.   130 F.3d at 1341.   In reaching, its decision, the *Jenkins* court focused on cost savings and "trustee services."   130 F.3d at 1340-41.

The Court respectfully disagrees with *Jenkins* and the cases following its conclusion. The Court believes that the *Jenkins* court failed to appreciate the service that a chapter 7 trustee provides.   Indeed, in the majority of cases, the chapter 7 trustee stands as a beacon in the storm, responsible for all with few or no available resources. At the end of a case, the trustee alone must answer for her administration of the case.   The trustee's fiduciary duties and the position she holds are the subject of the commission structure imposed by 11 U.S.C. § 326.   The costs incurred by the trustee in administering hundreds of cases every year are independent of that compensation and must be evaluated on an individual basis.

During the hearing, the Court questioned Mr. Duran, the attorney for the UST, whether the costs of a paraprofessional would be compensable if the paraprofessional stood guard over estate property or changed a lock.   Mr. Duran was most thoughtful in his responses to the Court and acknowledged that such costs might be compensable.[4]   The foregoing is illuminating.   The Court finds that the trustee is entitled to compensation for the actual costs of a paraprofessional that provides services in aid of the trustee's administration of a case.

The Court must, however, ensure that the compensation is reasonable and that the services provided were necessary and not duplicative.   The UST does not challenge the hourly rate of $43.62 charged by the chapter 7 trustee for the paraprofessional's services as being both the actual cost of the services and reasonable.   The Court finds that the hourly rate of $43.62 is the actual cost of the paraprofessional's services and that the hourly rate is reasonable.

With respect to whether the services for which compensation is requested were necessary, the Court has examined the individual time entries.   The Court finds that the descriptions for the times entries dated 1-29-14, 3-7-14 and the first entry on 7-3-14 are insufficient to allow the Court to make the required determination.   Likewise, the chapter 7 trustee adduced no evidence about these entries.   These entries total $52.34.   While the services represented by these entries may very well be compensable, the Court is compelled to disallow compensation for these entries due to the incomplete descriptions and the lack of evidentiary support.   The Court finds that the balance of the paraprofessional services totaling $449.28 is reasonable and necessary for the trustee's administration of the case.   The Court further finds that no "ordinary trustee" could provide these services in the context of an active ongoing trustee practice in the Southern District of Texas.

---

[4]   The Court very much appreciates Mr. Duran's candor.  Mr. Duran exemplifies the best qualities of what all representatives of the UST should exhibit in the performance of their duties.

Accordingly, the Court will approve the chapter 7 trustee's Final Report Before Distribution [Docket No. 33] and Final Application for Trustee Compensation and Expenses [Docket No. 35] consistent with the foregoing.  An order consistent with this opinion will issue.

**SIGNED: March 11, 2015.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**